**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| CHARLIE DUNCAN, AS EXECUTOR OF THE ESTATE OF PAUL W. MCVAY<br>Post Office Box 1123<br>Miamisburg, Ohio 45343<br><br>and<br><br>JANET FREEL, AS BENEFICIARY OF THE ESTATE OF PAUL W. MCVAY,<br>975 Kirbert Avenue<br>Cincinnati, Ohio  45205<br><br>      Plaintiffs,<br><br>-vs-<br><br>MINNESOTA LIFE INSURANCE CO.<br>c/o CT Corporation System<br>1300 East 9th Street, Suite 1010<br>Cleveland, Ohio 44114<br><br>      Defendant. | CASE NO.: 3:17-cv-00025-TMR<br><br>JUDGE THOMAS M. ROSE<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING REQUEST FOR DISCOVERY** |

1

**REPLY BRIEF**

Defendant Minnesota Life's (MLIC) memo in opposition to discovery cherry-picks the law and facts in much the same manner as did its administrators in deciding the accidental death claim of Mr. McVay's family. Plaintiffs clearly and unequivocally assert that MLIC's actions denied them the full and fair review promised in MLIC's Notice of Appeal Rights, AR 138, and required by ERISA.  Plaintiffs clearly and explicitly referenced the evidence of MLIC's actions: its refusal to acknowledge or respond to Plaintiffs' written request to present evidence at the hearing of the McVay family's accidental death benefit appeal. AR 298 and AR 319.  MLIC attempts to twist the fact that Plaintiffs did not merely note that their right to present evidence had been denied but instead went on to describe the evidence that would have been offered into a suggestion that the gravamen of Plaintiffs' discovery request is substantive rather than procedural in nature. Plaintiffs' right to full and fair review of the accidental death claim denial is an ERISA procedural issue.

MLIC's mischaracterization of Plaintiffs' arguments does not stop with its assertion that Plaintiffs are not entitled to full and fair review of the appeal of MLIC's accidental death claim denial. MLIC largely ignores Plaintiff's procedural complaints about the incompleteness of the administrative record by again casting this issue in terms of a substantive complaint about whether or not McVay's fall was caused by leukemia.  Plaintiffs specifically noted the omissions from the administrative record wrought by constant involvement of counsel and the redaction of key portions of the administrative record.  *See*, Exhibit 1, Privilege Log and redactions citied therein.   These omissions form a pattern of conduct on the part of MLIC and obstructed

2

Plaintiffs' effort to pursue their appeal based on a complete record.[1]  Completeness of the administrative record on review is likewise an ERISA procedural issue.[2]

Lastly, and perhaps most significantly of all, MLIC concedes that its Virginia Bankers' plan that insured Mr. McVay's life suffers from structural flaws in that MLIC both underwrites the plan, receiving the premiums paid by employers and paying claims from deceased employees' families, and also decides the appeals of benefit denials.  Yet, MLIC suggests that this conflict of interest justifies no discovery until Plaintiffs prove "more than a mere allegation of bias."  MLIC relies largely on pre-*Glenn* case law in making this assertion, but Plaintiffs nevertheless submit that much more than a mere allegation of bias is at issue here, as evidenced by the above transgressions and by the use of a Medical Director reviewer with no specialization whatsoever in leukemia and with a clear interest in claims denials.  Conflicts of interest are likewise procedural issues under ERISA.

---

[1]  In response to Plaintiffs' request for plan documents, AR 126, MLIC failed to include plan riders and other documents on which it would rely, and in response to Plaintiff's request for a copy of the administrative record, AR 38, MLIC provided a record vastly different than that filed in this Court.  See Declaration of Perry Staub, appended hereto as Exhibit 2. (The administrative record provided to counsel pursuant to his 2013 request consisted of 153 pages whereas the record filed in this Court comprises 355 pages.)  Most significantly, however, when MLIC obtained blanket authorization to procure all applicable medical records of Mr. McVay, see AR 144, MLIC used that authorization to obtain only selected health care provider records, AR 142, and further delimited the records that it would use as part of the administrative record, all without notice to Plaintiffs of which materials it would use.  The cherry-picked medical records utilized by MLIC to justify the appeal denial consisted largely of blood platelet count records, which MLIC's claims reviewer and later Medical Director Bosacker used to speculate that a spontaneous internal bleed may have caused Mr. McVay's death.  AR 8-9.

[2]  Defendants, no doubt, are aware that the Plan is under a duty to provide Plaintiff with all documents, records, and other information relevant to his claim for benefits. 29 C.F.R. § 2560.503-1(h)(2)(iii). A document, record, or other information is considered relevant to the claim if it was "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8). Memoranda prepared during the claims determination process falls squarely within the purview of relevant information.

1. **Plaintiffs clearly specify their discovery requests and they are expressly acknowledged by Defendant.**

In its opposition, Defendant Minnesota Life Insurance Company asks this Honorable Court to deny Plaintiffs' Motion for Discovery on the basis that Plaintiffs contend that they are entitled to discovery "*without any stated specificity*."[3] Defendant then proceeds to acknowledge the specificity of Plaintiffs' arguments by responding directly to them. Plaintiffs' arguments are precisely that: (1) Defendant failed to permit introduction of evidence pertinent to Plaintiffs' claim for benefits, namely submissions from Mr. McVay's treating oncologist Stuart Merl, as well as omitted portions of the administrative record in the form of medical records and redactions alleged to be attorney-client privileged; (2) Defendant filed to permit examination of the completeness of the administrative record; and (3) Defendant permitted medical review of the McVay appeal to be completed by a physician with close ties to management of MLIC's corporate parent and who possessed no expertise (and called on no one with expertise) to express the opinion on which the appeal denial was predicated. The particulars of Plaintiffs' arguments are therefore abundantly clear.

2. **Plaintiffs make purely procedural arguments in accordance with 29 U.S. Code § 1133(2).**

Defendant argues that "Plaintiffs are taking substantive arguments and masking them as procedural in an attempt to subvert the black letter rule against discovery in ERISA cases."[4] Part of Defendant's administrative *procedure* in awarding (or denying) claims for benefits is consideration of not only the language of the Policy, but affording Plaintiffs a reasonable opportunity for full and fair review. The opportunity for full and fair review encapsulates

---

[3] Pacer Doc 17, page 1.

[4] *Id.* at 6.

4

consideration of evidence relevant to the claim in issue. This is simply illustrated by Defendant's requests for medical records. Such full and fair review is also required under 29 U.S. Code § 1133 – entitled "claims procedure" – which states:

> In accordance with regulations of the Secretary, every employee benefit plan shall—
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

Plaintiffs expressly appealed Defendant's denial of benefits pursuant to 29 U.S. Code § 1133(2).[5] Defendant argues "Plaintiffs raise no issues regarding notice, the right to appeal, the right to bring a lawsuit, the right to present evidence, or the right to the claim file or any other documentation."[6] Defendant attempts to distinguish "the right to present evidence" from Plaintiffs' claim that Defendant "failed to consider evidence." Such distinction is illogical and misguided. Why would Plaintiffs have the right to present evidence without it being considered? Though different language is used, the arguments are interchangeable. Title 29 U.S. Code § 1133 makes it clear that issues regarding notice, the right to appeal, and the right to present evidence *and have such evidence considered* are procedural issues.

### 3. Conflict of Interest Discovery is Permissible Under the Facts of this Case.

The law of this Circuit is not altogether clear as to precisely what sort of showing or evidence a claimant must put forward in order to pursue discovery in aid of a procedural challenge. In *Johnson v. Connecticut General Life Insurance Co.*, No. 08-3347, 324 F. App'x

---

[5] AR 118-124.

[6] *Id.* at 5-6.

459, 466 (6th Cir. Apr. 7, 2009), for example, the court viewed the Supreme Court's then-recent decision in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008), as "counsel[ing] against" a hard-and-fast rule that a claimant must make "a threshold evidentiary showing of bias as a prerequisite to discovery under *Wilkins*."[7] As the court noted in *Busch v. Hartford Life & Accident Ins. Co.,* 2010 U.S. Dist. LEXIS 101881, *6-7, 49 Employee Benefits Cas. (BNA) 2609, 2010 WL 3842367: "Without more guidance from the Sixth Circuit on when discovery is available in an inherent conflict of interest case, the Court remains persuaded by the case law which holds that "[u]nder *Glenn*, the presence of the conflict of interest, on its own, is apparently sufficient to permit a court to allow discovery beyond the administrative record." *Pemberton v. Reliance Std. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 2070, 2009 WL 89696, *2 (E.D.Ky. 2009). *See also McQueen v. Life Ins. Co. of N. America*, 595 F.Supp.2d 752, 754 (E.D.Ky. 2009) ("[U]nder *Glenn*, the dual role creates a conflict of interest, and the presence of that conflict of interest, on its own, is sufficient to permit a court to allow discovery beyond the administrative record."); *Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 512 (W.D.Ky. 2010) ("The mere existence of an inherent conflict of interest that arises when the same entity is both plan administrator and benefits payor is itself the 'threshold.' ERISA plaintiffs need do no more than show the existence of such inherent conflict in order to obtain discovery.").

In this case, however, the threshold inquiry is met even if some preliminary showing is required. Cases in which conflicts discovery has been denied involved administrative records where the relationships of the interested individuals to their corporate employers clearly demonstrated a lack of financial or other interest that is missing here. Whatever her precise

---

[7] *Wilkins v. Baptist Healthcare Sys., Inc*., 150 F.3d 609, 615 (6th Cir. 1998)

position at Securian, Dr. Bosacker. MLIC's Medical Director, undertook review of Plaintiff's appeal on behalf of her employer Securian. AR 3-4. Bosacker reported directly to the Board of Directors of Securian, *see* attached Exhibit 3, and sat atop a claims review process that employed counsel for MLIC/Securian at each critical turn, so much so that the administrative record filed herein is littered with redactions of interested counsel. *See* Exhibit 1. Neither Bosacker nor anyone working for her are shown to have any special experience that would permit the expression of a speculative opinion that an internal spontaneous brain bleed must have occurred, particularly when that opinion was juxtaposed against that of McVay's attending physician who ordered all the cited blood tests and who opined that the sole cause of McVay's death was a fall and resulting subdural hematoma, as recited in death certificate and the related findings of the coroner upon examination. AR 120-124. Defendants protest that these are substantive issues, but the extent of the conflict of interest and bias of Dr. Bosacker and counsel may well alter the legal standard against which this egregious substantive conduct is judged. That conduct must therefore be subjected to the areas of inquiry outlined in Plaintiffs' principal brief.

**Conclusion**

Failure to consider evidence is purely a procedural claim that undergirds an ERISA claimant's right to a full and fair review on appeal. That appeal should be based on a complete record, with opportunity for Plaintiffs to present evidence and should be judged by actors free from bias or conflicts of interest. Discovery at the trial court level into alleged procedural defects is proper,[8] and Plaintiffs therefore respectfully re-urge their request for a finding that their Motion is well-taken and that they be permitted to conduct discovery.

---

[8] *Myers v. Prudential Ins. Co. of Am.,* 581 F. Supp. 2d 904, 907 (E.D. Tenn. 2008).*citing Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416 (6th Cir.2006).

Respectfully submitted,

**WALTER | HAVERFIELD LLP**

_/s/ Darrell A. Clay_____
Darrell A. Clay (OH Reg. No. 0067598)
The Tower at Erieview
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114-1821
Telephone: (216) 928-2896
Facsimile: (216) 916-2335
dclay@walterhav.com

AND

**TAGGART MORTON, L.L.C.**

/s/ Perry R. Staub, Jr._____
Perry R. Staub, Jr. (LA Bar Roll No. 12414)
*(Admitted pro hac vice)*

1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
pstaub@taggartmorton.com

**COUNSEL FOR PLAINTIFFS,
CHARLIE DUNCAN AND JANET FREEL**

### CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2017, I caused to be electronically filed the foregoing pleading and attachments with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Perry R. Staub, Jr._____
Perry R. Staub, Jr.