**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CHARLIE DUNCAN, Executor of the Estate of Paul W. McVay, et al., | : : : | Case No. 3:17-cv-00025 |
| | : : | District Judge Thomas M. Rose |
| Plaintiffs, | : | Magistrate Judge Sharon L. Ovington |
| | : : | |
| vs. | : : | |
| | : | |
| MINNESOTA LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

# ORDER

This case is presently before the Court following an Order granting Plaintiff "limited discovery regarding Metropolitan Life's conflict of interest and/or Dr. Bosacker's possible conflict of interest." (Doc. #22, *PageID* # 645). As required by that Order, Plaintiffs have submitted their Proposed Discovery Plan (Doc. #23) to which Defendant has responded.

Plaintiffs' proposed discovery plan seeks written discovery, documents, and requests for admission in four categories (A-D) and deposition testimony.

As Fed. R. Civ. P. 11 requires, Defendant's counsel has signed and has thus verified Defendant's representations in its Response.

Review of each category of requests reveals the following.

**Categories A and B**

Defendant's representations suffice to establish that (1) Defendant has already

produced the plan documents applicable to Plaintiffs' claim for benefits, and (2) Defendant has already produced the entire Administrative Record related to Plaintiffs' claim. *See* Doc. #24, *PageID* #650. Yet, to the extent that Defendant has redacted responsive documents on the basis of privilege, it must provide Plaintiffs with a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and S.D. Ohio Civ. R. 26.1.

Accordingly, Plaintiffs' requests for information and documents in Categories A and B are moot.

### Category C

Defendant's responses to the requests in Plaintiffs' category C establish that it has properly provided the information and documents Plaintiffs seek. Accordingly, Plaintiffs' requests for information and documents in this category are denied as moot.

### Category D

Plaintiffs seek: "Statistical information regarding [Defendant's] treatment of claimant's [sic] similarly situated to Mr. McVay as relates to the denial of claims under a pre-existing condition exclusion and/or whose death resulted directly from a fall." (Doc. #23, *PageID* #647).

Defendant objects to this category of information and documents as overbroad and vague and unduly burdensome. Defendant states that it "does not keep data on the cause of death. Therefore, requiring [it] to produce statistical information for every single claim that involved a death from a fall or contributing cause would require a manual case-by-case review and the creation of a dataset that does not currently exist." (Doc. #24, *PageID*#651-52). Given these circumstances, Defendant has established that

2

Plaintiffs' category-D requests are unduly burdensome and out of proportion to the needs of this case, particularly because the burden and expense of their requested discovery outweighs its likely benefit and because Plaintiffs' requests in this category stray too far from the limited discovery permitted by the Court's previous Order. (Doc. #22).

**Depositions**

Plaintiffs seek to depose Dr. Gretchen Bosacker, who allegedly reviewed the medical evidence during Plaintiffs administrative appeal of the decision to deny benefits. *see* Doc. #16, *PageID* #s 442-43, and who allegedly had a "direct financial stake in the performance of Minnesota Life." (Doc. #16, *PageID* #443). Dr. Bosacker, however, is no longer employed by Defendant, *see* Doc. #23, *PageID* #652, and is not a party in this case. Plaintiffs may therefore subpoena Dr. Bosacker personally, if they want to depose her regarding Defendant's possible conflict of interest concerning Plaintiffs' application for benefits.

Plaintiffs also seek to depose Mark Bremseth. Plaintiffs' counsel wrote to Bremseth to notify Defendant of Plaintiffs' appeals of the initial decision to deny benefits. (Doc. #21, *PageID* #106). Plaintiffs' Amended Complaint does not specifically indicate that Bremseth played any decisionmaker role concerning Plaintiffs' appeal and the letter denying Plaintiffs' appeal was not endorsed by Bremseth but was instead signed by Terry Jackson, Claims Specialist. Consequently, Bremseth's proposed deposition does not seek information relevant to Plaintiffs' conflict-of-interest allegation and deposing him is out of proportion to the needs of the case, particularly in light of the limited discovery permitted by the Court's previous Order. (Doc. #22),

3

Defendants contend that because Terry Jackson reports to Cole Cruz, deposing both of them would be redundant. Due to the limited discovery permitted by the Court's previous Order, *id*., eliminating redundant depositions is warranted. Plaintiffs may therefore choose to depose either Terry Jackson or Cole Cruz about Defendant's possible conflict of interest.

Plaintiffs also seek to depose Karen Mistelske, who corresponded with them multiple times about their benefits application and Defendant's decision to deny benefits. *E.g.,* Doc. #21, *PageID* #s 119-20. Given Mistelske's alleged role in denying Plaintiffs' application for benefits, her proposed deposition seeks relevant information that is proportional to the needs of the case. Consequently, Plaintiffs may depose Mistelske about Defendant's possible conflict of interest.

**Third-Party Discovery**

Plaintiffs reserve the right to seek third-party discovery, to the extent that written discovery or depositions of Defendant's personnel identify a need for such. Defendant objects on various grounds. However, its objections are not ripe because Plaintiffs have not propounded particular discovery requests on any third party at this point in the case.

**IT IS THEREFORE ORDERED THAT**:

Discovery shall proceed as set forth herein.

April 9, 2018                                             *s/Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          United States Magistrate Judge