# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLIE DUNCAN, Executor of the Estate of Paul W. McVay, et al., | : : : | Case No. 3:17-cv-00025 |
| Plaintiffs, | : : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| vs. | : : : | |
| MINNESOTA LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

# DECISION AND ENTRY

This ERISA case is before the Court for an *in-camera* review of documents that Defendant has declined to produce to Plaintiffs during discovery. Defendants assert the attorney-client privilege and the work-product doctrine as grounds for withholding these documents. Defendant has provided the Court with its privilege log and the documents.

Rule 26(b) (1) of the Federal Rules of Civil Procedure permits, in part, discovery of "any nonprivileged matter that is relevant to a party's claim or defense…." In general, the attorney-client privilege precludes revelation of "legal advice … sought from a professional legal adviser in his capacity as such … and communications relating to that purpose...." *Reed v. Baxter,* 134 F.3d 351, 355 (6th Cir. 1998). "It 'exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.'" *Nilavar v. Mercy Health Sys.-W. Ohio,* 3:99cv00612, 2004 WL 5345311 at *2 (S.D. Ohio Mar. 22,

2004) (Rice, D.J.) (quoting, in part, *Upjohn Co. v. United States,* 449 U.S. 383, 390, 101 S.Ct. 677, 683 (1981)).

To trigger the attorney-client privilege, the communications must relate to the purpose of obtaining or providing legal advice and must be "made in confidence...." *Reed,* 134 F.3d at 355. The person or party seeking to invoke the attorney-client privilege—here, Defendant—bears the burden of establishing that it applies. *See In re Columbia/HCA Healthcare Corp. Billing Practices Litig.,* 293 F.3d 289, 294 (6th Cir. 2002). "The attorney-client privilege is 'narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit.' " *Ross v. City of Memphis,* 423 F.3d 596, 600 (6th Cir. 2005) (citation omitted).

The primary purpose of the attorney-client privilege is to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn,* 449 U.S. 383, 389, 101 S.Ct. 677, 682 (1981); *see Ross v. City of Memphis,* 423 F.3d 596, 600 (6th Cir. 2005).

In the present case, Defendant's privilege log is sufficiently detailed; it describes the nature of the documents it has not produced "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

As to the withheld documents themselves, an *in-camera* review for privileged attorney-client information is straightforward. Each page of Defendant's documents contains communications between Defendant's personnel and in-house counsel. The

communications request or provide legal advice, information, or opinion. Additionally, although Defendants did not include MLIC_000009 in its privilege log, there is no doubt that the last paragraph on this page contains information shielded by the attorney-client privilege. For these reasons, the attorney-client privilege applies to the documents identified in Defendant's privilege log.[1] And, consequently, Defendant is not required to produce to Plaintiffs the documents identified in its privilege log.


June 6, 2019                                                    *s/Sharon L. Ovington*
                                                                Sharon L. Ovington
                                                                United States Magistrate Judge

---

[1] Because Defendant's properly assert the attorney-client privilege to the communications in these documents, there is no need to address its reliance on the work-product doctrine.