## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLIE DUNCAN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:17-cv-00025 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| MINNESOTA LIFE INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

### ENTRY AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. 64)

Pending before the Court is Plaintiffs' Motion for Reconsideration (Doc. 64) (the "Motion").[1] The Motion asks the Court to reconsider its ruling from January 28, 2020 (Doc. 62[2]) (the "Prior Order"), which dismissed Plaintiffs' claims, with prejudice, following briefing on cross-motions for judgment on the administrative record in this ERISA case. (*See* Doc. 62.) Defendant Minnesota Life Insurance Company ("Minnesota Life") filed a Brief in Opposition to the Motion (Doc. 65), and Plaintiffs then filed a Reply Memorandum in Support of the Motion (Doc. 67). The Motion is fully briefed and ripe for review. (Docs. 64, 65, 67.) For the reasons discussed below, the Court **DENIES** the Motion.

---

[1] The Plaintiffs in this action are Charlie Duncan, as Executor of the Estate of Paul W. McVay ("Duncan") and Janet Freel, as Beneficiary of the Estate of Paul W. McVay ("Freel"). Duncan and Freel collectively will be referred to as "Plaintiffs."

[2] The ruling is titled: "ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO UPHOLD THE ADMINISTRATIVE DECISION (DOC. 57), DENYING PLAINTIFF'S MOTION TO VACATE ERISA BENEFIT DENIAL AND PROCEDURAL CHALLENGES TO THE ADMINISTRATIVE DECISION OR ALTERNATIVELY FOR REMAND (DOC. 59), DISMISSING PLAINTIFFS' FIRST AMENDED COMPLAINT (DOC. 11) WITH PREJUDICE, AND TERMINATING THIS CASE." (Doc. 62 at PAGEID # 2240.)

## I.     LEGAL STANDARDS FOR A MOTION FOR RECONSIDERATION

"Motions for reconsideration are treated as motions to amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." *Rheinfrank v. Abbott Labs., Inc.*, 137 F. Supp. 3d 1035, 1038 (S.D. Ohio 2015). "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted); *see also Rheinfrank*, 137 F. Supp. 3d at 1038 (recognizing that altering or reconsidering a judgment is an extraordinary remedy and that "motions for reconsideration are disfavored" and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources).

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such motions "cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. The grounds for granting such a motion are limited. Specifically, "[a] court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("a motion under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence") (internal quotation marks omitted).

## II.     ANALYSIS

In the Motion, Plaintiffs move the Court to reconsider its prior ruling (1) "on [Minnesota

Life's] application of the pre-existing condition exclusion, focusing on [Minnesota Life's] presentation of evidence regarding whether Mr. McVay's accidental fall alone was sufficient to cause his death"; and (2) "in light of the fact that, in [Minnesota Life's motion that the Court granted], Plaintiffs introduced favorable evidence that would have entered the record if not for [Minnesota Life's] procedural deficiencies: the records reflecting the exact manner of Mr. McVay's death." (Doc. 64 at PAGEID # 2261-62.)

Plaintiffs do not specify the ground(s) on which they seek reconsideration of the Prior Order, despite identifying the potential grounds from *Intera* in the Motion. *Intera*, 428 F.3d at 621 ("[m]oving parties are exhorted to state with clarity the basis for their Rule 59(e) motions"). More importantly, the Motion simply consists of re-argument, with Plaintiffs reiterating arguments that the Court previously considered and rejected in the Prior Order. *Sault Ste. Marine Tribe*, 146 F.3d at 374 (Rule 59(e) does not permit parties to effectively "re-argue a case"). Regardless, Plaintiffs do not show that their Motion should be granted.

In support of its first argument, Plaintiffs narrowly focus on a portion of caselaw quoted in the Prior Order, arguing that the Court should make a "specific inquiry into 'determining if the accident alone was sufficient to cause death directly and independently of disease.'" (Doc. 64-1 at PAGEID # 2266 (quoting *Ann Arbor Trust Co. v. Canada Life Assurance Co.*, 810 F.2d 591, 593 (6th Cir. 1987).) In essence, Plaintiffs argue that the Court failed to apply a legal principle from the *Ann Arbor Trust* case that the Court had quoted in the Prior Order.

However, Plaintiffs take the quote from *Ann Arbor Trust* out of context, and the Court did apply the legal principles from *Ann Arbor Trust* to the facts presented here. As the Prior Order quoted:

3

> When a policy insuring against accidental death contains exclusionary language substantially to the effect that benefits are precluded where death directly or indirectly results from or is contributed to by disease, the inquiry is properly limited to determining if the accident alone was sufficient to cause death directly and independently of disease; an exclusionary clause therefore precludes recovery where death results from a pre-existing disease <u>or from a combination of accident and pre-existing disease</u>.

(Doc. 62 at PAGEID # 2252-53, quoting *Ann Arbor Trust*, 810 F.2d at 593 (emphasis added).) The context of this language was the Sixth Circuit recognizing the significance of a policy's terms and finding that the district court had erred in concluding that, "[d]espite the specific and explicit exclusionary language" in the policy, "the proximate cause of the decedent's demise was a material issue of fact to be resolved by the jury." *Ann Arbor Trust*, 810 F.2d at 593.

As set forth in the Prior Order, the Court applied *Ann Arbor Trust*. The Court pointed out that "the Policy states that Minnesota Life will not pay the AD&D benefit where the 'death … is caused directly or indirectly by … [b]odily or mental infirmity, illness or disease.'" (Doc. 62 at PAGEID # 2254 (quoting Doc. 54-1 at PAGEID # 1096).) The Court then explained that Mr. McVay suffered "from leukemia and its effects" in the period "leading up to his death," the "Supplemental Medical Certification for McVay's death certificate states that <u>leukemia was a significant condition contributing to McVay's death</u>, and the Postmortem Examination report states that <u>McVay's death was contributed to by leukemia</u>." (*Id.* (emphasis added).) The Court concluded that "based on the evidence, McVay's death at least was caused indirectly by 'bodily or mental infirmity or disease.'" (*Id.*) And, the Court then identified multiple cases that support its analysis. (*Id.* at PAGEID # 1096-97.) Perhaps not surprisingly, Plaintiffs do not like the Court's analysis and its outcome, but that is not a ground for reconsideration.[3]

---

[3] The Prior Order also noted that there was evidence to support this outcome "regardless of whether one looks only at the administrative record at the time of Minnesota Life's initial denial of the complaint for AD&D benefits or at

Plaintiffs' second argument is purely a rehashing of arguments that it made before the Prior Order. Again, Plaintiffs argue that they "introduced favorable evidence that would have entered the record if not for [Minnesota Life's] procedural deficiencies." (Doc. 64 at PAGEID # 2261, 2267-69.) However, not only did Plaintiffs previously make this argument, but this Court expressly found that considering that "favorable evidence" would not affect the outcome of this case. (Doc. 62 at PAGEID # 2243 n.3; *id.* at PAGEID # 2259 n.11 ("Even reviewing Plaintiffs' AD&D claim *de novo*, giving Minnesota Life's denial of Plaintiffs' AD&D claim no weight, and considering the record and the evidence submitted by Plaintiffs, the Court still would find that Plaintiffs are not entitled to AD&D benefits under the Policy because the exclusion applies") (emphasis in original).)

### III. CONCLUSION

Plaintiffs fail to show any proper grounds for the post-judgment relief that they seek. *See* Fed. R. Civ. P. 59(e); *Intera*, 428 F.3d at 620. For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Reconsideration (Doc. 64).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, April 16, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

the administrative record at the time of affirming that denial (or also at the additional records submitted by the Plaintiffs in this lawsuit)." (Doc. 62 at PAGEID # 2254, n. 9.)