UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHARLIE DUNCAN, *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 3:17-cv-00025 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| MINNESOTA LIFE INSURANCE : | |
| COMPANY, : | |
| : | |
| Defendant. : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES (DOC. 72) AND SUPPLEMENTAL APPLICATION FOR AWARD OF ATTORNEYS' FEES (DOC. 78)**

---

Pending before the Court in this ERISA case is Defendant's Motion for Award of Attorneys' Fees (Doc. 72) (the "Motion"), filed by Defendant Minnesota Life Insurance Company ("Minnesota Life"), and the parties' associated briefing on the Motion (Docs. 73, 74, 78, and 79).[1] As the Motion's title indicates, Minnesota Life seeks certain attorneys' fees it incurred during this litigation. Following the Mandate issued by the Sixth Circuit Court of Appeals (Doc. 77), as well as completion of supplemental briefing on the Motion, the matter is ripe for review and decision.

In certain ERISA actions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 446 (6th Cir. 2006) ("there is no presumption of award of attorneys' fees to the prevailing party in an ERISA action"). The Sixth Circuit Court of Appeals has identified five

---

[1] The Plaintiffs in this action are Charlie Duncan, as Executor of the Estate of Paul W. McVay, and Janet Freel, as Beneficiary of the Estate of Paul W. McVay. They will collectively be referred to as "Plaintiffs."

1

factors to guide district courts in deciding whether to grant attorney's fees under 29 U.S.C. § 1132(g)(1). *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) ("*King*"). Those factors are: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions." *Id.* "No single factor is determinative." *Trs. of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, 618 F. App'x 246, 258 (6th Cir. 2015).

The Court initially finds that Minnesota Life has achieved more than the requisite "'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 130 S. Ct. 2149, 176 L. Ed. 2d 998 (2010). However, the Court, in its discretion, declines to award Minnesota Life any attorney's fees. 29 U.S.C. § 1132(g)(1).

In making this determination, the Court considered each of the *King* factors referenced above. *King*, 775 F.2d at 669; *see also Hardt*, 560 U.S. at 255 n.8. Regarding the first and fifth *King* factors, the Court disagrees with Minnesota Life's assertion that "Plaintiffs went to extraordinary lengths to pursue baseless theories long after they should have realized their frivolity." (Doc. 72 at PageID 2344.) Although the Court disagreed with the merits of Plaintiffs' positions on their claim, the claim was not frivolous, pursued in bad faith, or any "more devoid of merit than those of any other losing litigant." *Trs. of Detroit Carpenters Fringe Benefit Funds*, 618 F. App'x at 260 (internal quotation marks omitted) (alterations adopted). The Court believes

2

that Plaintiffs pursued their theory of entitlement to benefits—and discovery and reconsideration of this Court's January 28, 2020 Order and appeal of that same order—strongly and relentlessly while advocating for their positions. Plaintiffs are not culpable in pursuing this litigation.

Similarly, regarding the third *King* factor, the Court disagrees with Minnesota Life's position that a fees award against Plaintiffs "will cause claimants and counsel alike to give pause before 'rolling the dice' to maintain baseless litigation." (Doc. 72 at PageID 2347.) This is because the litigation here was not baseless, and Plaintiffs' behavior in pursuing their claim is not the type of behavior that the Court is concerned about deterring. *See Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1148 (S.D. Ohio 1997) ("this is not the type of case that presents a degree of culpability on behalf of Plaintiff that warrants punishment in this case or deterrence in others"); *Trs. of Detroit Carpenters Fringe Benefit Funds*, 618 F. App'x at 259 (when the court finds that the plaintiff did not bring the lawsuit in bad faith, "a fee award is even less appropriate for deterrent purposes"). The Court is more concerned with how an award in this case might discourage proper ERISA claimants from bringing claims in good faith.

Along the same lines, regarding the fourth *King* factor, the Court finds inapplicable to this case Minnesota Life's assertion that "[w]hen insurers have to defend frivolous claims and/or pay 'nuisance value' settlements to avoid incurring substantial litigation costs, there is a detrimental effect on all of the plan participants and beneficiaries." To the extent that the fourth *King* factor is applicable, it does not weigh strongly either way in this case. *See Hall*, 984 F. Supp. at 1148 (finding factor irrelevant); *Trs. of Detroit Carpenters Fringe Benefit Funds*, 618 F. App'x at 259 (explaining that the district court found this factor inapplicable and that, "[i]n a case like this, where a fee-award claimant seeks benefits only for himself, this Court generally has found the

common-benefit factor to weigh against an attorney-fee award") (internal quotation marks omitted) (alterations adopted). Finally, regarding the second *King* factor, it is unclear to what extent Plaintiffs could satisfy an award of attorney's fees. (*See* Doc. 73 at PageID 2361-62.)

The Court understands Minnesota Life's frustration and decision to file the Motion (it too certainly is not frivolous). The Court also commends Minnesota Life for not simply asking for all of its fees, but instead limiting its request to specific categories. However, the Court, in its discretion, declines to award attorney's fees. The Court "finds that the circumstances of this case and the factors listed in *King* do not justify an award of attorney's fees." *Hall*, 984 F. Supp. at 1148. For the reasons stated above, the Court **DENIES** Defendant's Motion for Award of Attorneys' Fees (Doc. 72) and Defendant's Supplemental Application for Award of Attorneys' Fees (Doc. 78). This case shall remain terminated on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 4, 2021.

s/Thomas M. Rose

---

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE